KIMBERLY A. SANCHEZ
Acting United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-0151-DAD |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING DISCOVERY |
| v. | |
| GONZALO HERNANDEZ,<br>    aka GONZALO RUIZ, | |
| Defendant. | |

**STIPULATION**

The discovery in this case contains information and statements about child victim(s) and child witness(es), as those terms are defined in the Child Victims' and Child Witnesses' Rights Act ("the Act"), 18 U.S.C. § 3509. Specifically, the Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be" either "a victim of a crime of physical abuse, sexual abuse, or exploitation" or "a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2).

18 U.S.C. § 3771(a)(8) requires that a crime victim's dignity and privacy be respected, and the Act, 18 U.S.C. § 3509, requires that certain measures be taken to protect child victims' and child witnesses' privacy. Specifically, the Act provides under subsection (d) "Privacy Protection":

(1) Confidentiality of information.—

(A) A person acting in a capacity described in subparagraph (B) in connection with a

criminal proceeding shall--

    (i)  keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

    (ii)  disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

(B)  Subparagraph (A) applies to—

    (i)  all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

    (ii)  employees of the court;

    (iii)  the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

    (iv)  members of the jury.

(2)  Filing under seal.—All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order.  The person who makes the filing shall submit to the clerk of the court—

    (A)  the complete paper to be kept under seal; and

    (B)  the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

The parties want to avoid the unauthorized disclosure of protected information and adequately protect the privacy rights of all victims and child witnesses.  This Court may enter protective orders pursuant to Fed. R. Crim. P. 16(d), 18 U.S.C. §§ 3509(d)(3) and 3771(a), and its general supervisory authority.  Accordingly, Plaintiff United States of America, by and through its counsel of record, and defendant GONZALO HERNANDEZ, by and through his counsel of record, hereby stipulate and agree,

and respectfully request that the Court order that:

1. This Stipulation and Order pertains to all discovery provided to or made available to Defense Counsel that contains the name of or other identifying information of a victim or child witness (hereafter, collectively known as "protected discovery"),[1] and is applicable beginning on the date this Stipulation and Order is executed by the Court.

2. Defense counsel shall not disclose any of the protected discovery or its contents directly or indirectly to any person other than their respective defendant/client, potential witnesses that they are interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the representation of the defendant in this criminal case.

3. The defendant may view the protected discovery in the presence of defense counsel and/or defense investigator or paralegal, but may not retain a copy or otherwise disseminate the contents.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

5. If there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any protected discovery may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become defense counsel for purposes of this Order, and become the custodian of the protected discovery, and shall then become responsible, upon conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 12 below. All defense counsel, whether current or past counsel, are at all times subject to the Order and are not relieved by termination of representation or conclusion of the prosecution.

6. Defense counsel will store the protected discovery in a secure place, such as a locked office, and shall use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement. To the extent any of the protected discovery, or any copies or reproductions thereof, are stored electronically

---

[1] Identifying information includes, but is not limited to, the victim's name, date of birth, social security number, address, social media identifiers, phone number, the child's relationship to defendant or any other relatives identified by name, address, etc. that could reveal the child's identity.

the protected discovery shall be stored on a password-protected or encrypted storage medium or device. Encryption keys shall be stored securely and not written on the storage media they unlock.

7. If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following or similar notation is affixed on each copy made, if the confidentiality of the documents is otherwise not already present on the copied file(s) or hard copies: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

8. If defense counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in Paragraph 2, defense counsel shall first provide such recipients with copies of this Order and advise that person that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court. The parties agree that Defense Counsel, defense investigators and support staff shall not allow the defendant or any witness to copy or otherwise retain the contents of the protected discovery, except in the limited situations identified in this Stipulation and Order.

9. Defense counsel shall advise the government counsel of any subpoenas, document requests or claims for access to the protected discovery by third parties if defense counsel is considering disseminating any of the protected discovery to a third party in order that the government may take action to resist or comply with such demands as it may deem appropriate.

10. Defense counsel shall be responsible for advising the defendant, or his/her client, his/her employees and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order. Defense counsel shall not provide or make available to any person described in Paragraph 2 the protected discovery until that individual has been provided a copy of this Order by defense counsel.

11. If it becomes necessary to refer to an alleged victim or minor witness during any non-trial public court proceeding or in a public court filing, the parties shall not use the actual name, initials, or relationship to the defendant of the alleged victim or minor witness. Further, to prevent disclosure of the victims' identities, the parties shall not use or refer to the relationship to any other familial member of the victim that is identified by name. The parties will use non-identifying terms such as "[alleged] CV 1," "[alleged] Child Victim 1," "[alleged] minor victim," or "referenced minor" or "identified minor." Should this matter proceed to trial, the parties may seek a separate Court Order delineating how these

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
REGARDING DISCOVERY

4

individuals will be addressed during trial proceedings.

12. Upon the latter of final disposition of the case, including exhaustion of direct and collateral appellate proceedings, defense counsel shall return the protected discovery to the government, or certify in writing that the protected discovery has been destroyed, unless the California Rules of Professional Conduct, as interpreted by the State Bar of California, require Defense Counsel to retain the material for a longer duration of time. The written certification need not be disclosed or produced to the United States unless ordered by the Court.

13. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

IT IS SO STIPULATED.

Dated: July 16, 2025    KIMBERLY A. SANCHEZ
                        Acting United States Attorney

                        /s/ SHELLEY D. WEGER
                        SHELLEY D. WEGER
                        Assistant United States Attorney

Dated: July 16, 2025    /s/ DOUG BEEVERS
                        DOUG BEEVERS
                        Counsel for Defendant
                        Gonzalo Hernandez

## [~~PROPOSED~~] ORDER

By agreement of the parties, and good cause appearing, the Court hereby adopts the stipulation and the terms contained therein. IT IS ORDERED this 16th day of July, 2025.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE